### BATTIN v. GRAND CONSERVATORY OF MUSIC.

(Supreme Court, Appellate Term. April 21, 1899.)

CORPORATIONS—LIABILITY FOR MONEY LOANED TO PRESIDENT.

A corporation is not liable for money loaned to the president, which, as the lender testified, was to pay rent for the corporation, although the check for the loan was indorsed by the president for deposit to the credit of the corporation; the lender having taken the personal note of the president, frequently accepted renewals, never notified any other corporate officer of his claim, and failed to prove the president's authority to borrow the money.

Appeal from municipal court, borough of Manhattan, Eight district.

Action by Richard Battin against the Grand Conservatory of Music, for money loaned. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Daniel S. Decker, for appellant.
R. A. Stacpoole, for respondent.

MacLEAN, J. Upon an oral complaint for "money loaned," the plaintiff testified that he gave to one Eberhard, the president of the defendant, the sum of $100 for the purpose of paying the rent of the Conservatory of Music. This is all the testimony in any wise connecting the defendant with the transaction, excepting that a check drawn by the plaintiff on March 20, 1896, for $100, to the order of "E. E. Eberhard," and by him indorsed, was also indorsed by him, as president, "for deposit * * * to the credit of" the defendant. For this loan, to whomever it was made, plaintiff took the note of Eberhard, which he renewed repeatedly, wrote to Eberhard for the money, and endeavored to have him arrested for some part in the transaction. The plaintiff never conversed with any of the directors of, or any other persons connected with, the defendant, in the matter; nor did he prove anything tending to show authority in Eberhard to borrow money for the defendant.

There is no evidence to sustain the judgment, which should therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.